IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff,                       No. CIV S-07-0029 GEB GGH P

    vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.                <u>ORDER</u>

_____/

        On May 24, 2007, plaintiff filed a document containing "objections" to the assignment of the undersigned to this action. The court construes plaintiff's objections as a request for recusal. Plaintiff alleges that the court initially sent him an incorrect number of USM-285 forms to effect service of defendants. Plaintiff also argues that the court does not appreciate the severity of his claims.

        A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." <u>Liteky v. United States</u>, 510 U.S. 540, 554, 114 S.Ct.

1

1147, 1157, 127 L.Ed.2d 474, 484 (1994.)  The decision regarding disqualification is made by the judge whose impartiality is at issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment."  Liteky, 510 U.S. at 541, 114 S.Ct. at 1155.  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id. at 555, 114 S.Ct. at 1157.  Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior.  Id.

This court's actions in this case do not support disqualification.  That plaintiff was inadvertently sent an incorrect number of USM-285 forms does not reflect bias by the court.  As indicated above, the court has ordered service of plaintiff's complaint.  The court's rulings do not reflect an extreme disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action.  They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 24, 2007, objections to assignment of the undersigned, construed as a request for recusal, is denied.

DATED: 6/25/07

/s/ Gregory G. Hollows
―――――――――――――――――――
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

an29.rec