IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff,                      No. CIV S-07-0029 GEB GGH P

    vs.

ROSEANNE CAMPBELL, et al.,       <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

       Plaintiff is a state prisoner proceeding pro se.  This action is proceeding on the original complaint filed January 5, 2007. He seeks relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA).

       Pending before the court is the motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) filed August 23, 2007, on behalf of defendants Campbell, Grannis, Smith, Tedder, Nale, Akintola, Huerta-Garcia, Johnson, Reaves, Reyes and Kennick. Also pending is the motion to dismiss for failure to state a claim filed August 17, 2007, on behalf of defendants Azcona and Cate.

       After carefully considering the record, the court orders that defendants' motions are granted in part and recommends that they be denied in part.

1

II. <u>Legal Standard for Motion to Dismiss</u>

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>NOW</u>, 510 U.S. at 256, 114 S. Ct. at 803, <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

/////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

III. August 23, 2007, Motion to Dismiss

Plaintiff alleges that he has been denied adequate medical care in violation of the Eighth Amendment for a variety of ailments. Plaintiff also alleges that defendants violated the ADA. In particular, plaintiff alleges that he was denied knee surgery. Plaintiff also alleges that his request for a walking cane, crutches and grab bars related to his knee problems were denied.

Plaintiff seeks monetary and injunctive relief.

*Legal Standards for ADA and Eighth Amendment*

Title II of the ADA applies to inmates in state prison. Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). In order to state a claim of disability discrimination under Title II of the ADA plaintiff must allege four elements: 1) he is an individual with a disability; 2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) he was either excluded from participation in or denied the benefits of the public entity's services...or was otherwise discriminated against by the public entity; and 4) such exclusion, denial...or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

1    Also significant to the analysis is the well established principle that mere
2  differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth
3  Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,
4  662 F.2d 1337, 1344 (9th Cir. 1981).
5    Moreover, a physician need not fail to treat an inmate altogether in order to violate
6  that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.
7  1989). A failure to competently treat a serious medical condition, even if some treatment is
8  prescribed, may constitute deliberate indifference in a particular case. Id.
9    Additionally, mere delay in medical treatment without more is insufficient to state
10 a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766
11 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is
12 no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing
13 Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-
14 1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends
15 to provide additional support for a claim of deliberate indifference; however, it does not end the
16 inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the
17 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
18 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of
19 the defendant." McGuckin, 974 F.2d at 1061.
20    *Analysis: ADA Claim*
21    As to plaintiff's ADA claim, the court first considers whether he has demonstrated
22 that he was denied access to a program because he was not provided with surgery, cane, crutches
23 or grab bars. Plaintiff alleges that he received a rules violation report for not reporting to his job
24 or education program. Complaint, p. 13. However, plaintiff does not specifically allege that he
25 could not attend his job and education program based on defendants' failure to provide him with
26 surgery, a cane, crutches or grab bars. Accordingly, the ADA claim is dismissed with leave to

amend so that plaintiff may clarify this matter.

*Eighth Amendment*

Plaintiff alleges that defendants Kinnick and Johnson failed to administer their professional duties of placing grab bars in his bathroom. Complaint, p. 13. To demonstrate deliberate indifference for the Eighth Amendment claim, plaintiff must plead facts demonstrating that defendants knew that to deny plaintiff these items would cause plaintiff to suffer serious harm. Plaintiff had pled no facts demonstrating that these defendants were aware of his need for grab bars. Accordingly, the claims against these defendants are dismissed with leave to amend.

Plaintiff generally alleges that defendant Campbell failed to provide plaintiff with the grab bars. Plaintiff has also plead no facts demonstrating that defendant Campbell was aware of his need for grab bars. Accordingly, the claims against this defendant are dismissed with leave to amend.

As to defendant Smith, plaintiff alleges that Dr. Kyle, an arthroscopic surgeon, recommended that plaintiff have knee surgery. Defendant Smith refused to provide plaintiff with surgery despite the recommendation. These allegations state a colorable Eighth Amendment claim against defendant Smith. Defendants do not move to dismiss this claim. Rather, they move to dismiss the ADA and state law claims against this defendant. As discussed above, the ADA claims are dismissed with leave to amend.

Plaintiff also alleges that defendant Smith slandered him by writing a "frivolous" diagnosis in plaintiff's medical records. These allegations do not state a claim for slander. In any event, in Paul v. Davis, 424 U.S. 693, 612, 96 S.Ct. 1155 (1976), the Supreme Court held that any harm or injury to an individuals reputation, even where inflicted by a government official, does not result in a deprivation of "liberty" or "property" and does not invoke the procedural protections of the due process clause. Accordingly, plaintiff's slander claim is dismissed.

/////

Defendants also move to dismiss plaintiff's medical malpractice claim against defendant Smith on grounds that medical malpractice does not state a cognizable federal claim. While this is true, under 28 U.S.C. § 1367, a federal district court may exercise supplemental or pendent jurisdiction over state law claims "when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a common nucleus of operative fact between the state and federal claims." Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995). In the instant case, there is a common nucleus of operative fact between plaintiff's medical malpractice claim and his Eighth Amendment claim against defendant Smith. Accordingly, the motion to dismiss plaintiff's medical malpractice claim against defendant Smith should be denied.

Plaintiff alleges that defendant Reyes denied his request for knee surgery. In particular, plaintiff alleges that on August 2, 2004, defendant Reyes, an appeals coordinator, denied his appeal requesting knee surgery. In support of this claim, plaintiff refers to exhibit A-4 attached to the complaint. On August 2, 2004, defendant Reyes issued a memorandum stating,

> The appeal you sent to the MCSP appeals office as possible ADA appeal has been recategorized as a medical issue, based on your request for a new MRI and another knee surgery. Your appeal has been forwarded to the medical department for response at the first level of review.

The recategorization of plaintiff's appeal from an ADA to a medical appeal by defendant Reyes does not constitute deliberate indifference. Accordingly, the Eighth Amendment claim against defendant Reyes is dismissed with leave to amend.

Plaintiff allege that defendants Nale and Akintola neglected to provide plaintiff with adequate medical care. Complaint, p. 14.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

7

1  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
2  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
3  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
4  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
5  omits to perform an act which he is legally required to do that causes the deprivation of which
6  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7  Moreover, supervisory personnel are generally not liable under § 1983 for the
8  actions of their employees under a theory of respondeat superior and, therefore, when a named
9  defendant holds a supervisorial position, the causal link between him and the claimed
10 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
11 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
12 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
13 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14 Cir. 1982).

15 The complaint includes no specific allegations against these defendants. In other
16 words, plaintiff does not allege how defendants Nale and Akintola provided him with inadequate
17 medical care. Accordingly, the court does not find that plaintiff has stated a colorable claim for
18 relief against defendants Nale and Akintola.

19 Plaintiff alleges that defendants Garcia and Reaves are in a position of authority
20 over plaintiff. Complaint, p. 13. These allegations do not state a colorable claim against these
21 defendants. Accordingly, the claims against defendants Garcia and Reave are dismissed with
22 leave to amend.

23 The only allegation against defendant Tedder, the medical appeals analyst, is that
24 she failed in her duty to administer any professional diagnosis of plaintiff's medical condition.
25 Complaint, p. 12. Because defendant Tedder is not a medical doctor, the court would not find
26 her liable based on her failure to provide a diagnosis of plaintiff's medical problems.

Accordingly, the claims against defendant Tedder are dismissed with leave to amend.

Plaintiff alleges that defendant Grannis denied his administrative appeal requesting surgery, cane, crutches and grab bars. Defendants correctly argue that plaintiff has no right to an administrative grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (2003).

Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is

not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

The complaint contains no allegations suggesting that the rejection of plaintiff's administrative appeals by defendant Grannis was an automatic whitewash. Accordingly, the motion to dismiss the claims against defendant Grannis should be granted.

Plaintiff also alleges that he suffers from gastrointestinal problems which require single cell status, cell meals, diet changes and use of a private restroom. Plaintiff alleges that his request for single cell status was granted by Warden Bunnel. However, plaintiff does not allege that any named defendant specifically denied his request for cell meals, diet changes and use of private restrooms. Accordingly, plaintiff's Eighth Amendment claims regarding these matters are dismissed.

Finally, defendants construe the complaint to be stating an Equal Protection claim because plaintiff alleges discrimination. The court finds that plaintiff's discrimination allegations are made in the context of his ADA claims. The court does not construe the complaint to allege an Equal Protection claim.

IV. <u>August 17, 2007, Motion to Dismiss</u>

The complaint contains no specific allegations against defendant Azcona. The only specific claim against defendant Cate, who plaintiff alleges works at the Inspector General's Office, is that he failed to investigate plaintiff's complaint made to that office.

According to defendants' motion to dismiss, defendant Cate is the Inspector General of the Office of the Inspector General. Defendant Azcona is a Deputy Inspector General.

Defendants first argue that the Eleventh Amendment bars claims against state officials acting in the official capacity. The Eleventh Amendment does not bar claims for

prospective injunctive relief against state officials in their official capacities. <u>Los Angeles County Bar Ass'n. v. Eu</u>, 979 F.2d 697, 704 (9th Cir. 1992) (citing <u>Ex Parte v. Young</u>, 209 U.S. 123, 155-56, 28 S. Ct. 441 (1908); <u>Edelman v. Jordan</u>, 415 U.S. 651, 667-68, 94 S. Ct. 1347 (1974)). Because plaintiff seeks prospective injunctive relief, the claims against defendants Azcona and Cate in their official capacities are not barred by the Eleventh Amendment.

Defendants next argue that the claims against them should be dismissed because plaintiff has not stated a cognizable claim against them. Defendants argue that they have no statutory authority to act on plaintiff's behalf. Defendants argue that no statute authorizes the Office of the Inspector General to take any action in response to any complaint, including an inmate's. Defendants also argue that any authority to investigate and take action is discretionary.

The claim against defendant Cate is akin to the claim against defendant Grannis above, i.e. defendant is liable for the alleged violation of plaintiff's Eighth Amendment rights based on his failure to properly review plaintiff's administrative appeal/complaint. As with persons reviewing administrative appeals, the court is unwilling to adopt a rule that anyone involved in reviewing a complaint to the Inspector General's Office after the fact is per se potentially liable under a ratification theory. Plaintiff makes no allegations demonstrating that the rejection of his complaint or failure to investigate his complaint was akin to a whitewash that may have led prison officials to have no concern of ever being reprimanded. Accordingly, the claims against defendant Cate are dismissed.

Plaintiff's complaint contains no specific allegations against defendant Azcona. Accordingly, the motion to dismiss defendant Azcona is granted based on plaintiff's failure to link this defendant to any alleged deprivation.

V. <u>Conclusion</u>

In conclusion, all claims but for plaintiff's Eighth Amendment and medical malpractice claims against defendant Smith are dismissed with leave to amend. Plaintiff is granted thirty days from the date of this order to file an amended complaint. The amended

complaint must include all claims against all defendants and contain a *short and plain* statement of the claims. Fed. R. Civ. P. 8. In other words, plaintiff's complaint need not be lengthy. If plaintiff's amended complaint is excessively long, it may be dismissed pursuant to Fed. R. Civ. Pl. 8. If plaintiff does not file an amended complaint, this action will proceed on the claims against defendant Smith only.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to dismiss filed August 17, 2007, on behalf of defendants Azcona and Cate is granted with thirty days to file an amended complaint; if plaintiff files an amended complaint, defendants' response is due thirty days thereafter;

2. The motion to dismiss filed August 9, 2007, on behalf of defendants Campbell, Grannis, Smith, Tedder, Nale, Akintola, Huerta-Garcia, Johnson, Reaves, Reyes and Kennick is granted as to all claims but for the state law claim against defendant Smith; plaintiff is granted thirty days from the date of this order to file an amended complaint; if plaintiff files an amended complaint, defendants' response is due thirty days thereafter; if plaintiff does not file an amended complaint, defendant Smith shall file an answer to the Eighth Amendment and state law claims within thirty days of the district court's adoption of these findings and recommendations;

IT IS HEREBY RECOMMENDED that defendants' August 9, 2007, motion to dismiss plaintiff's medical practice claim against defendant Smith be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\
\\\\\

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: 12/4/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7 an29.mtd