IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff,                                No. CIV S-07-0029 GEB GGH P

    vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.                    ORDER

_____/

        On February 4, 2009, plaintiff filed a motion requesting that the court order the Warden of High Desert State Prison (HDSP) to send plaintiff's legal property to Kern Valley State Prison (KVSP). Plaintiff states that he was transferred from HDSP to KVSP on January 27, 2009. The court construes plaintiff's motion as a request for a protective order.

        Clearly, plaintiff's request does not seek dispositive relief on the merits of the complaint. The motion is addressed to procedures that the parties must utilize in litigating this case. See United States v. Flaherty, 666 F.2d 566, 586 (1st Cir. 1981): "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial." Neither do the rulings herein involve injunctive relief.

/////

1

As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), parties are told to do something or not do something.  For example, in typical discovery motions, parties are compelled to answer interrogatories, answer a question or produce a document despite a claim of privilege, attend a deposition at a certain tine or place, be compelled to undergo a medical examination,  pay costs associated with discovery in a cost-shifting sense.  No one would think of asserting that such non-dispositive orders are invalid because they command or disallow a certain activity.  Therefore, the fact that parties are directed in their activities by a magistrate judge, cannot, without more, transform the matter at hand into an "injunctive" relief situation governed by § 636(b)(1)(B).  See e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period for non-compliance with discovery orders); Rockwell Int. Inc. V. Pos-A-Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988) superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v. United  States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a party from releasing discovery information to the public; specifically held not to be an injunction beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh. 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate judge.).  It is only where the relief sought goes to the merits of plaintiff's actions or to complete stays of an action are orders under § 636(b)(1)((A) precluded.  See e.g. Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which restrain or direct the conduct of the parties are not to be characterized as an appealable injunction beyond the authority of the magistrate judge unless the restraint goes to the merits of the action).  In other words, a motion for injunctive relief must relate to the allegations in the complaint.  If there is no relation, it is not an injunctive relief situation.  A party seeking preliminary injunctive

1 relief "must necessarily establish a relationship between the injury claimed in the party's motion
2 and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th
3 Cir.1994).  In other words, Plaintiff must seek injunctive relief related to the merits of his
4 underlying claim.
5 Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also
6 indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which
7 allows the hearing on preliminary injunction to be accelerated into a trial on the merits,
8 preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing
9 on preliminary injunction admissible at trial.  None of the provisions would make sense if
10 disputes outside the complaint, and on which no trial by definition will be had, could be
11 considered as proceedings for injunctions.  In addition, the standards for granting injunctions are
12 much different than the standards applicable to protective orders.   Applying established
13 standards on the need to grant an injunction only in extraordinary circumstances, absence of legal
14 remedy, balance of hardships, irreparable harm, and so forth are foreign to resolution of
15 discovery and other procedural disputes which crop up in the course of a litigation.
16 For the reasons discussed above, this matter may be handled by court order.
17 It is the court's experience that when an inmate is transferred to a new prison, it
18 may take up to one month for his property to arrive at the new prison.  For this reason, plaintiff's
19 motion for his legal property is denied as premature.  If plaintiff's legal property has not arrived
20 at KVSP by March 1, 2009, plaintiff may renew his motion.
21 Accordingly, IT IS HEREBY ORDERED that plaintiff's February 9, 2009,
22 request for his legal property (no. 148), construed as a request for a protective order, is denied
23 without prejudice.
24 DATED: February 19, 2009

/s/ Gregory G. Hollows

25
UNITED STATES MAGISTRATE JUDGE
26 an29.lp