IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff,                    No. CIV S-07-0029 GEB GGH P

    vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. Pending before the court are plaintiff's motion for leave to amend filed April 20, 2009, and April 30, 2009. For the following reasons, these motions are denied.

<u>Background</u>

        In the original complaint filed January 5, 2007, plaintiff complained of medical care at Mule Creek State Prison (MCSP). Plaintiff raised a variety of claims, including that he should have been housed in a single cell for medical reasons. Plaintiff also alleged that defendants were refusing to provide him with knee surgery, a walking cane, a knee brace, grab rails to use the toilet and a private bathroom. On June 25, 2007, the court ordered service of this complaint. On August 9, 2007, and August 17, 2007, defendants filed motions to dismiss.

/////

1

On November 21, 2007, plaintiff filed a notice of change of address indicating that he had been transferred from MCSP to High Desert State Prison (HDSP).

On December 5, 2007, the court, in large part, granted the motions to dismiss with leave to amend.

On May 29, 2008, plaintiff filed an amended complaint raising his claims against the defendants at MCSP and challenging the medical care he was receiving at HDSP. The claims raised against the defendants at HDSP were similar to those raised against the defendants at MCSP. On June 26, 2008, the court ordered the MCSP defendants to respond to the amended complaint and separately ordered service of the HDSP defendants. On August 26, 2008, the MCSP defendants filed an answer to the amended complaint. On December 4, 2008, and January 22, 2009, the HDSP filed answers to the amended complaint.

On February 4, 2009, plaintiff filed a notice of change of address stating that he had been transferred to Kern Valley State Prison (KVSP).

On March 13, 2009, the court issued a modified scheduling order which set May 20, 2009, as the discovery cut-off date and August 19, 2009, as the dispositive motion cut-off date.

In the pending motions for leave to amend, plaintiff seeks to add defendants at KVSP. Plaintiff alleges that these defendants have violated his Eighth Amendment rights by failing to give him a single cell, grab bars, a commode chair and crutches.

Discussion

In their oppositions to the pending motions, defendants address both Fed. R. Civ. P. 20 and 15. Under Fed. R. Civ. P. 20 plaintiff may join any persons as defendants if 1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and 2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).

The "same transaction" requirement of Rule 20 refers to "similarity in the factual background of a claim; claims that arise out of a systematic pattern of events" and have a "very definite logical relationship." <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 842-843 (9th Cir. 2000). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997). Claims "involv[ing] different legal issues, standards and procedures" do not involve common factual or legal questions. <u>Id.</u>, at 1351.

"Although the specific requirements of rule 20, discussed above, may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." <u>Desert Empire Bank</u>, 623 F.2d at 1375. "For examine, when making a decision whether to allow the permissive joinder of a party, a court should consider such factors as possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." <u>Id</u>.

When deciding whether a party may be granted leave to amend pursuant to Fed. R. Civ. P. 15(a) to add new claims, the court considers five factors: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; 4) futility of amendment; and 5) whether the plaintiff has previously amended the complaint. <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990).

Because plaintiff's claims against the KVSP are virtually identical to those made against the MCSP and HDSP defendants, the court finds that the motion to amend is more appropriately analyzed under Fed. R. Civ. P. 20. Based on the standards set forth above, the court finds that there is a similarity in the factual background of the claims against the KVSP, HDSP and MCSP defendants. In addition, the claims against defendants at all three prisons arise out of a systematic pattern of events and have a very definite logical relationship.

Although the specific requirements of Fed. R. Civ. 20 have been met, the court finds that it would violate fundamental fairness to allow plaintiff to join the KVSP defendants with this action. In their oppositions, defendants persuasively argue that they would be prejudiced were the KVSP joined. The court agrees that the delay caused by granting plaintiff's motion would prejudice defendants as well as the court. As indicated above, the dispositive motion cut-off date for this two year old case is in August 2009. Granting plaintiff's motion would require the court to reschedule this action, delaying resolution of the claims against the HDSP and MCSP defendants.

In summary, plaintiff's motion to amend is denied because granting it would prejudice both defendants and the court.[1] In making this finding, the court observes that KVSP is the third prison plaintiff has been housed in during the course of this litigation. If the court allows plaintiff to amend his complaint each time he is transferred, which may well happen a fourth time, then this action will never be resolved. Moreover, KVSP is located within the Fresno Division of the United States District Court for the Eastern District. As such, the Fresno Division is better suited to litigate plaintiff's claims concerning KVSP.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for leave to amend (nos. 165 and 173) are denied.

DATED: June 9, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

an29.den

---

[1] In the opposition, defendants also argue that the claims against the KVSP defendants are futile because plaintiff could not have had time to exhaust his administrative remedies against these defendants. See 42 U.S.C. § 1997(e)(a)("No action shall be brought with respect to prison conditions under section 1983...until such administrative remedies as are available are exhausted."). Because the court finds that both defendants and the court would be prejudiced were plaintiff allowed to proceed with his claims against the KVSP defendants, it will not address this argument.

4