1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD ERNEST ANAYA,

11              Plaintiff,                    No. CIV S-07-0029 GEB GGH P

12        vs.

13   ROSEANNE CAMPBELL, et al.,

14              Defendants.             <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court are plaintiff's motions to compel filed June 1, 2009.

18   <u>See</u> court file docs. # 178, 179.  On June 26, 2009, defendant Cullen filed a response to motion

19   no. 179.  <u>See</u> court file doc. # 184.  On July 22, 2009, defendant Cullen filed a (amended)

20   response to motion no. 178.  <u>See</u> court file doc. # 189.  On July 18, 2009, defendants Smith, et al.

21   filed a response to motion no. 179.  <u>See</u> court file doc. # 182.  On July 18, 2009, defendants

22   Smith et al. filed a response to motion no. 178.  <u>See</u> court file doc. # 183.

23              For the following reasons, plaintiff's motions to compel are denied.

24   <u>Motion to Compel No. 179</u>

25              In no. 179, plaintiff seeks an order "compelling" defendants to answer depositions

26   by written questions.  Plaintiff has not yet served defendants with these questions but seeks an

1

1  order requiring defendants to answer them.

2          In the original scheduling order filed November 10, 2008, the court ordered that

3  the parties could conduct discovery until March 20, 2009.  The court ordered that any motions to

4  compel should be filed by that date and all requests for discovery were to be served no later than

5  sixty days prior to that date.  On March 13, 2009, the court modified the scheduling order by

6  extending the discovery cut-off date to May 20, 2009.   On April 23, 2009, the court granted

7  plaintiff an extension of time to respond to defendants' interrogatories.  The court also granted

8  defendants an extension of time to conduct plaintiff's deposition.  In the April 23, 2009, order,

9  the court did not otherwise extend the May 20, 2009, discovery cut-off date.

10          Plaintiff's June 1, 2009, motion to "compel" defendants to answer depositions by

11  written questions is untimely because it was not served sixty days prior to May 20, 2009.

12  Accordingly, this motion to compel is denied as untimely.

13  Motion to Compel No. 178

14          In this motion, plaintiff seeks further responses to several interrogatories.

15  Defendants Smith et al. argue that plaintiff's motion to compel is untimely because it was not

16  filed by May 20, 2009.  Motion to compel no. 178 and motion to compel no. 179 were signed by

17  plaintiff on May 20, 2009.  Although motion to compel no. 178 contains no proof of service, the

18  proof of service attached to motion to compel no. 179 states that it was mailed on May 20, 2009.

19  Because both motions were actually filed in the court on June 1, 2009, the court will give

20  plaintiff the benefit of the mailbox rule and find that he mailed motion to compel no. 178 on May

21  20, 2009.  Accordingly, the motion is timely.

22          Turning to the merits of the motion to compel, defendants Smith et al. argue that

23  the at-issue interrogatories are improper because they are not addressed to any particular

24  defendant.  Liberally construing the interrogatories, the court finds that they are addressed to each

25  defendant individually.

26  \\\\\

2

1      *Interrogatory No. 1*

2      Interrogatory no. 1 states, "On or about March 2008 High Desert State Prison took

3   a MRI of plaintiff's lower back and right knee, plaintiff demands answers or prognosis of MRI as

4   to what it revealed, and the recommendations.  Please disclose request for admission."

5      Defendants Smith et al. initially argued that this interrogatory was unintelligible,

6   not a proper interrogatory, and not directed to a specific defendant.  Without waiving objections,

7   defendants Smith, et al. stated that there were records of an MRI taken on June 4, 2008, and

8   attached them to their response.  Plaintiff argues that this response is inadequate because the MRI

9   report is incomplete.  Plaintiff also argued that the MRI is proof that plaintiff was a candidate for

10  ADA accommodations.

11     Defendants' initial objections to the interrogatory have merit.  In addition,

12  plaintiff has failed to make a proper showing that pages of the June 4, 2008, MRI are missing.

13  No further response by defendants Smith et al. is required.

14     Defendant Cullen, a surgeon at UC Davis Hospital, states that none of the

15  information sought in interrogatory no. 1 is available to him.  This objection has merit.  No

16  further response by defendant Cullen is required.

17     *Interrogatory No. 2*

18     Interrogatory no. 2 states, "Mule Creek State Prison Appeal response MCSP-A-

19  05-01391 Complaint Page 17 through 23.  Has denied (ADA) accommodations, walking cane,

20  crutches, wheel chair, grab bars, single cell.  Brett Williams M.D. Smith M.D. Campbell, Suvia,

21  Gravinis, Tedder, also have denied MCSP 06-00012 Appeal Complaint 35 to 38.] The Plaintiff's

22  condition has not changed, so why has Anaya been denied 'DPO' ADA benefits.  Demand

23  answers to disclose request for admission."

24     Because this interrogatory is unintelligible no further response by defendants is

25  required.

26  \\\\\

*Interrogatory No. 3*

Interrogatory no. 3 states, "Is MCSP equip[ped] for (ADA) grab bars.  Demand answer please disclose request for admission."  Defendants Smith et al. initially objected that this interrogatory was not directed to a specific defendant, lacked foundation and was not reasonably calculated to lead to the discovery of admissible evidence.   In the response to the motion to compel, defendants state that if plaintiff is asking whether MCSP is equipped with grab bars, defendants do not know what plaintiff means by this.  Defendants do not know whether plaintiff seeks information regarding whether any part of MCSP has grab bars, whether there are existing cells with grab bars, or whether MCSP has the ability to add grab bars.  The court agrees that plaintiff's interrogatory is vague as to the type of information he is seeking regarding MCSP and grab bars.

Defendant Cullen states that the information sought in interrogatory no. 3 is not readily obtainable by him.  Good cause appearing, no further response by defendant Cullen is required.

*Interrogatory No. 4*

Interrogatory no. 4 asks, "Are the defendants aware that upon transfer to HDSP the plaintiff was found to be in need of ADA accommodations and was given CDC chrono's for grab bars around toilet and commode chair wheel chair and crutches.  So why did the MCSP deny ADA accommodations.  Demand answers request for admission."

Defendants Smith et al. initially objected that this interrogatory was not directed to a specific defendant, lacked foundation and was not reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding these objections, defendants stated that after plaintiff arrived at HDSP on November 17, 2007, Dr. James filled out a chrono for a knee brace, crutches, mobility vest, waist chains, wheel chair and a commode chair or grab bars.  Plaintiff objects that this response is inadequate because defendants denied accommodations and plaintiff could not function at his job.  The court finds that defendants Smith et al. have adequately

1  responded to this interrogatory.

2          Defendant Cullen states that the information sought in interrogatory no. 4 is not

3  readily obtainable by him.  Good cause appearing, no further response by defendant Cullen is

4  required.

5          *Interrogatory No. 5*

6          Interrogatory no. 5 states, "How is it that defendants are not admitting that appeals

7  (MCSP) A-05-01391 and 06-0012 and HDSP Appeal no. 07-04048 and Government Claim no.

8  G565262 and G5474856 are all exhausted at Directors Level and VCGB Exhausted Level.

9  Demand Answers to disclose request for admission.  So were [sic] is your proof that these

10  exhibits are not exhausted."

11          Defendants Smith et al. initially objected that this interrogatory was unintelligible,

12  not directed to a particular defendant foundation, and not reasonably calculated to lead to the

13  discovery of admissible evidence.  Without waiving objections, defendants stated that the

14  Director's Level review denied three appeals (MCSP 05-01391 on January 5, 2006; HDSP 07-

15  04048 on August 15, 2008, and MCSP 06-0012 on June 21, 2006).  Defendants also responded

16  that the Victim Compensation and Government Board rejected claim no. G565267 on April 19,

17  2007, and no. G574856 on August 21, 2008.

18          In the response to the motion to compel, defendants argue that interrogatory no. 5

19  asked what evidence they had that plaintiff had not exhausted three grievances.  Defendants

20  argue that they responded that plaintiff had exhausted these appeals and also identified that dates

21  on which both of plaintiff's Tort Act claims were rejected.  The court finds that defendants Smith

22  et al. have adequately addressed this interrogatory.

23          Defendant Cullen states that the information sought in interrogatory no. 5 is not

24  readily obtainable by him.  Good cause appearing, no further response by defendant Cullen is

25  required.

26  \\\\\

1    *Interrogatory No. 6*

2    Interrogatory no. 6 asks, "Why is the plaintiff denied a Affirmative Defense when

3    he is ADA clear and not bar under the doctrine of res judicata Plata v. Scharzenegger, United

4    States Northern District Court Action, No. C-01-1351 and Armstrong v. Wilson, United States

5    Northern District Court Action No. C-94-2307 CW and ADA Disabilities 42 U.S.C. 1213 Title II

6    Demand disclose, request for admission."  No further response to this interrogatory by defendants

7    is required because this interrogatory is unintelligible.

8    *Interrogatory No. 7*

9    Interrogatory no. 7 asks, "M.C.S.P.  Defendants persecuted plaintiff because of his

10   ADA disabilities by giving him a CDC disciplinary for a job performance that he could not

11   attend because the defendants did not provide plaintiff with a ADA grab bar or commode chair.

12   See CDC 115 Rule Violation compl. Page 46 of 59 so does M.C.S.P. have ADA grab bars in the

13   school bathroom.  Demand answer and also how did the defendants expect the plaintiff to

14   function for eight hour day shifts, disclose request for admission."

15   In opposition to the pending motion, defendants Smith et al. state that this

16   interrogatory, in essence, asks whether Mule Creek State Prison had grab bars in the school

17   bathroom at a particular point in time, and how did defendants expect plaintiff to function eight

18   hours a day.  Defendants argue that this interrogatory is vague and unintelligible because it is not

19   directed to any particular defendant, contains factual assertions that are disputed and fails to

20   identify a period of time.  As phrased, the interrogatory is improper because it fails to identify a

21   particular period of time for which the information is sought and contains factual assertions that

22   are disputed.  It is also argumentative.

23   Defendant Cullen states that the information sought in interrogatory no. 7 is not

24   readily obtainable by him.  Good cause appearing, no further response by defendant Cullen is

25   required.

26   \\\\\

1          *Interrogatory No. 8*

2          Interrogatory no. 8 asks, "November 14, 2007, plaintiff was transferred to

3    H.D.S.P. and was taken off pain medication and did not see a doctor until 12-12-07.  Clark RN

4    refused to call a doctor for treatment of acute pain.  Demand answers to disclose request for

5    admission."  This interrogatory ("statement of fact")  requires no further response because, as a

6    question, it is unintelligible.

7          *Interrogatory No. 9*

8          Interrogatory no. 9 asks, "H.D.S.P. Perez and Hawl, Agyman MD CMO, Felker

9    have denied single cell status, and plaintiff has been in need of surgery.  Demand answers request

10   for admission."  This interrogatory ("statement of fact") requires no further response because, as

11   a question, it is unintelligible.

12         *Interrogatory No. 10*

13         Interrogatory no. 10 asks, "Plaintiff has been denied and Prolong (ADA) grab bars

14   while a prisoner at M.C.S.P. and is still deprived grab bars and a commode chair, and wheel

15   chair.  Although these devises are now approved.  Plaintiff is still without them.  The question is

16   why, and are regular citizens given the same kind of treatment.  Demand answers to disclose

17   request for admission."

18         Interrogatory no. 10 seeks information regarding why plaintiff has been denied

19   grab bars and a commode chair.  The problem with this interrogatory is that it does not identify a

20   particular time period for which the information is sought, and is simply argumentative.  For

21   these reasons, no further response by defendants Smith, et al. is warranted.

22         Defendant Cullen states that the information sought in interrogatory no. 10 is not

23   readily obtainable by him.  Good cause appearing, no further response by defendant Cullen is

24   required.

25   \\\\\

26   \\\\\

1       *Interrogatory No. 11*

2       Interrogatory no. 11 asks, "Why has their been mismanagement and gaps of

3 renewing plaintiff's pain medication when he is to be detox first and not abruptly taken off the

4 moraphen 30 to 15 MG demand to disclose request for admission." This interrogatory does not

5 require a further response because it is argumentative. To the extent plaintiff seeks information

6 regarding why plaintiff's medication has not been renewed, plaintiff does not identify the

7 particular time period for which he is seeking this information.

8       *Interrogatory No. 12*

9       The motion to compel contains no argument by plaintiff in response to

10 defendants' initial objections. Accordingly, the court finds that the motion to compel does not

11 address interrogatory no. 12.

12       *Interrogatory no. 13*

13       Interrogatory no. 13 asks, "Aaron Cullen examine Plaintiffs right knee and did not

14 have plaintiffs medical records when he did so on 7-24-06. Mr. Cullen deferred treatment when

15 Anaya was in need of surgery and because of the Plaintiff being deferred it took # 12 months to

16 be reappointed. Thus, UC Davis Dr. Jefferey LitanJi MD Associate Medical Director previously

17 referred Anaya for Arthroscopy surgery on December 21, 2005. See Complaint Page 27 through

18 29. Cullen deliberately denied surgery because Anaya said why are you examining me without

19 my records."

20       Defendants Smith et al. initially objected that this interrogatory was unintelligible,

21 overly broad in scope and time, and lacked foundation because there was no record that plaintiff

22 followed up with a UC Davis Medical Center surgeon in September 2007 after his second

23 surgery. Notwithstanding these objections, defendants stated plaintiff was seen at the UC Davis

24 Medical Center on September 24 and 26, 2007, and again on October 15, 2007. Defendants

25 attached copies of these records concerning these visits to their response to the interrogatory.

26 The court finds that defendants have adequately responded to this interrogatory.

1  Defendant Cullen responded to this interrogatory as follows:

2  In response to Interrogatory No. 13, this defendant admits that he examined plaintiff's right knee on July 24, 2006, and further admits that he did not have
3  plaintiff's prior MRI film.  This defendant further denies either that he made the decision to defer surgical treatment on plaintiff or that Mr. Anaya was in need of
4  immediate surgical surgery on that date.  This defendant further denies that UC Davis Jeffrey Tanji had referred plaintiff for arthroscopic surgery– Dr. Tanji is a
5  family practice physician who had referred plaintiff Anaya for a surgical consult to determine if he needed surgery.  In further response to said interrogatory no. 13,
6  this defendant did not deny plaintiff surgery on that day, as the decision was not his to make–he was a resident, and the attending physician made the decision
7  whether Mr. Anaya was or was not going to have immediate surgery.

8  Defendant Cullen has adequately responded to interrogatory no. 13.

9  *Interrogatory No. 14*

10  Interrogatory no. 14 asks, "Plaintiff is disclosing that he is calling Tomas

11  Viduvidoski MD medical professor for expert witness and would like a affidavit from Dr.

12  Hawkins MD of MCSP as to why he felt the plaintiff should be single celled before and after his

13  rectal prolapse surgery.  Demand Hawkins to disclose by affidavit.  Demand answers to disclose

14  request for admission."

15  Defendants Smith et al. argue that this interrogatory is unintelligible and improper

16  because it does not contain a question and is not directed to any party in this action.  Rather,

17  defendants contend it is a statement and requests a declaration from a third party. These

18  objections have merit.  For that reason, no further response by any defendant is required.

19  Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to compel (nos.

20  178 and 179) are denied.

21  DATED: 08/03/09

22                                                  /s/ Gregory G. Hollows

23                                                  _____
                                                   UNITED STATES MAGISTRATE JUDGE

24  an29.com

25

26