IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff                       No. CIV S-07-0029 GGH P

   vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. On July 12, 2010, plaintiff filed a motion for defendants' exhibits to be provided to him, to be transported to trial and to be allowed to wear civilian clothing during the trial. A writ has been prepared for plaintiff to be present at trial and exhibits will be provided as outlined in the pretrial order. A determination will be made on the first day of trial in consultation with CDCR officers if plaintiff can wear civilian clothes. Plaintiff is entirely responsible for providing his own clothing in the event the court permits such.

        On July 21, 2010, plaintiff filed an objection to a prior court order and plaintiff also requested an expert witness. Federal Rule of Evidence 706 allows the Court to appoint expert witnesses on its own motion or on motion by a party. Fed. R. Evid. 706; Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule

706(a) does not authorize the district court to provide a plaintiff with funds for an expert witness or to appoint such a witness on a plaintiff's behalf; rather, it permits the appointment of an expert to aid the court. Depending on the circumstances, the court can assess the cost of the expert witness as it sees fit. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir.), vacated on other grounds *sub nom*. Helling v. McKinney, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

Plaintiff's request, which was submitted after the pretrial order was issued, is belated and non-specific. Even if the court were able to determine the specialty of the witness to be appointed, the expert would need time to prepare, examine plaintiff, and the court should make the witness available for discovery, or at least the submission of a report. No time exists for all of these tasks. Plaintiff's motion for appointment of an expert witness is denied.

According, IT IS HEREBY ORDERED that:

1. Plaintiff's July 12, 2010 motion (Doc. 241) is denied;

2. Plaintiff's July 21, 2010 request (Doc. 244) for an expert witness is denied.

DATED: October 6, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
anay0029.ord3