IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff                    No. CIV S-07-0029 GGH P

    vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. Trial is scheduled for this case on October 25, 2010. Both parties have filed trial briefs, however, the court seeks additional briefing regarding plaintiff's ADA claims.

        Defendants' state that plaintiff's ADA claims are limited to injunctive relief due to the Eleventh Amendment's prohibition of damages against a state. The court disagrees. In his amended complaint, (Docs. 86 and 88) plaintiff stated he sought $150,000 in damages.[1] In United States v. Georgia, 546 US 151, 126 S. Ct. 877 (2006), the Supreme Court held that Title II of the ADA abrogates state sovereignty and creates a private cause of action for damages against the states for conduct that violates the Fourteenth Amendment. Id.

        With respect to plaintiff's requests for injunctive relief, the court notes that

---

[1] While the money request is not specific as to which claims plaintiff seeks compensation for, the court must liberally construe the complaint.

plaintiff seeks injunctive relief regarding conditions at Mule Creek State Prison, however, plaintiff is no longer incarcerated there.  Therefore, plaintiff's request for injunctive relief is moot, but plaintiff's claim for monetary damages against Warden Campbell in his official capacity, i.e., the State, continues based on the allegations regarding ADA violations.  Within 7 days, the parties shall brief this issue and provide proposed jury instructions.

The court has also researched the issue regarding a jury trial with respect to the ADA claims.  While the law appears to be unsettled regarding jury trial for Title II violations, the court tentatively believes that a jury trial is appropriate for the ADA claims as well as the other claims.  The parties shall brief this issue as well.  See Matthews v. Jefferson, 29 F. Supp 2d 525 (W.D. Ark. 1998);  Hernandez v. Hartford, 959 F. Supp. 125 (D. Conn 1997); Tyler v. Manhattan, 849 F. Supp 1442 (D. Kan. 1994); Outlaw v. City of Dothan, Ala., 1993 WL 735802 (M.D. Ala. 1993).  See also Smith v. Barton, 914 F.2d 1330, 1336 (9th Cir. 1990) (jury trial appropriate under section 504 of the Rehabilitation Act).

With respect to the retaliation claim against Dr. Smith and that he allegedly discontinued plaintiff's use of certain medical equipment, the court also notes that it is also unclear if this claim can proceed as an ADA claim based on retaliation using medical treatment or if it is simply a retaliation claim.  See Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010); Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Moreover, any damages related to the retaliation claim presumably can not be associated solely with any mental or emotional injury as a result of the alleged sexual advances made by the defendant.  Pursuant to the Prison Litigation Reform Act, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42

U.SC. 1997e(e).  In the Ninth Circuit, this requires a "showing of physical injury that need not be significant but must be more than de minimis."  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

      Within 7 days the parties shall brief the above issues and submit proposed jury instructions, or revised instructions.

      According, IT IS HEREBY ORDERED that within 7 days the parties brief the above issues and submit proposed jury instructions regarding these issues.

DATED: October 13, 2010

    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
anay0029.ord4