IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff                         No. CIV S-07-0029 GGH P

  vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.                 ORDER
_____/

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. Trial is scheduled for this case on Monday, October 25, 2010.

        In the July 6, 2010, Pretrial Order, the court ordered that two blank subpoenas be sent to plaintiff to obtain the appearance of two doctors plaintiff wished to testify: Dr. Lewis to apparently testify regarding plaintiff's knee surgery and Dr. Vidovsky to apparently testify regarding plaintiff's rectal prolapse surgery. The court informed plaintiff that he must complete the subpoena forms and return them with money orders *promptly*, or he would precluded from calling these witnesses. (Italics in original order). The subpoenas were sent to plaintiff on July 22, 2010. See Docket Entry 243.

        On Tuesday, October 19, 2010, the court received the completed subpoenas for the two doctors and two $80 money orders. See Docket Entries 271, 272. However, as noted,

trial is scheduled in less than a week on Monday, October 25, 2010. It would appear that plaintiff wishes the Marshal to serve these doctors and for the doctors to be available on extremely short notice. While plaintiff is proceeding pro se, there are limitations on what the court can do to accommodate plaintiff, especially as plaintiff was provided these forms three months ago.

The court notes that both subpoenas are dated by plaintiff on August 12, 2010, though there is no indication that they were mailed then or why plaintiff waited so long to mail them. A review of the docket indicates that plaintiff has sent numerous filings to the court in the last few months and there does not appear to be any problem in receiving mail from plaintiff in a timely manner. Plaintiff failed to follow court instructions and the court will not order the Marshall to serve these witnesses due to the extremely short notice. Plaintiff was warned of this in the Pretrial Order.[1]

Equally importantly, it appears that plaintiff intends to call these doctors to testify as "retained" expert witnesses for the purpose of expressing present opinions for the purpose of this litigation, e.g., standard of care, whether it was breached, prognosis for damages purposes, (as opposed to offering testimony on the why's, wherefore's, and results of historical medical actions. However, plaintiff has not properly followed the Fed. R. Civ. P. 26 procedures to designate expert witnesses, nor does it appear that these doctors are aware of the reasons they are being called or even what there testimony would consist of. Most evidence regarding plaintiff's surgeries and medical care provided by these doctors can be presented through medical records and reports which plaintiff has indicated he intends to introduce as exhibits, as well as plaintiff's

---

[1] Doctors, such as the surgeons involved here, have important duties with respect to other patients, and those patients have rights which cannot and should not be trampled upon because plaintiff desires subpoenas to be served on these doctors less than a week before trial. While litigation is important to a society which proceeds upon the rule of law, our judicial system should not be so myopic as to conduct itself in a manner oblivious to these important outside-the-system duties and rights.

testimony.

For all these reasons, the court will not order the subpoenas served.

According, IT IS HEREBY ORDERED that plaintiff's subpoenas be placed in the file and disregarded.

DATED: October 20, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
anay0029.ord6