IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

   Plaintiff     No. CIV S-07-0029 GGH P

 vs.

ROSEANNE CAMPBELL, et al.,

   Defendants.   <u>ORDER</u>

_____/

   Plaintiff is a prison inmate proceeding with appointed counsel with a civil rights action.

   On January 4, 2011, counsel was appointed for plaintiff and on January 14, 2011, defendants were provided an opportunity to file a motion for summary judgment. Defendants filed a motion for summary judgment on February 25, 2011. On March 8, 2011, the parties filed a briefing and hearing schedule and all briefings were to be filed by May 5, 2011, and the hearing on the summary judgment motion was to occur on May 19, 2011. On May 2, 2011, plaintiff filed a request to reopen discovery for six months and to continue the summary judgment hearing at a date after the close of discovery. It is not clear why this request was not filed months ago.

   As plaintiff's request was filed just a few days before the due date for the summary judgment opposition, a date which had been chosen several months ago by the parties,

1   the court construes the motion as a request to delay summary judgment and reopen discovery

2   pursuant to Fed. R. Civ. P. 56(d)(2).[1]  However, plaintiff's motion has failed to follow the

3   procedures of Fed. R. Civ. P. 56(d)(2), by not elaborating on the "specific reasons" why summary

4   judgment cannot adequately be opposed at this time.

5           Plaintiff stated that he does not intend to engage in a fishing expedition, but rather

6   seeks a narrow set of documents, depositions, interrogatories and request for admissions.[2]

7   Motion at 8.  However, plaintiff does not describe the narrow set of requests with enough

8   specificity, instead generally stating that information is required regarding plaintiff's injuries, the

9   procedures defendants followed and their state of mind.

10          Within ten days, plaintiff may describe in detail what discovery is needed, from

11  which defendants, and how long it will take to obtain it.  The 180 days that plaintiff has

12  requested is far too much time.  No extensions will be provided to file this briefing.  If plaintiff

13  does not file this briefing, then the opposition to summary judgment will be due in 28 days.

14          According, IT IS HEREBY ORDERED that:

15          1.  Within ten days, plaintiff may describe in detail what discovery is needed,

16  from which defendants and how long it will take to obtain it.  No extensions will be provided.  If

17  \\\\

18  \\\\

19  \\\\

20

21          [1] The rule states: When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by

22  affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its
    opposition, the court may...

23  (2) allow time to obtain affidavits or declarations or to take discovery.

24

25          [2] As plaintiff's counsel was appointed after a mistrial occurred, counsel was provided copies
    of all defendants' exhibits and evidence that was to be introduced at trial.

26                                        2

1  plaintiff does not file this briefing, then the opposition to summary judgment will be due in 28

2  days;

3          2.  The hearing set for May 19, 2011, is vacated.

4  DATED: May 4, 2011                              /s/ Gregory G. Hollows

5                                                  _____
                                                   GREGORY G. HOLLOWS
6  GGH:AB                                          UNITED STATES MAGISTRATE JUDGE
   anay0029.ord9
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    3