IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ERNEST ANAYA,

    Plaintiff                              No. CIV S-07-0029 GGH P

    vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.                  ORDER

_____/

       Plaintiff is a state prisoner proceeding with a civil rights action. Two different attorneys were appointed by the court at different times and one attorney, Bhavani Murugesan, now seeks payment for costs.

       Trial commenced in this case for only one day on Monday, October 25, 2010, while plaintiff was proceedings pro se. It became quite apparent that plaintiff was unable to competently present his case. Despite plaintiff's efforts, he was simply not articulate enough to function coherently in the courtroom. As a result the court declared a mistrial. In weighing various options the court indicated to plaintiff that the court would attempt to find plaintiff counsel, but noted that the court did not have the authority to force an attorney to represent plaintiff. The court also expressed its view that since the determination to mistry the case would benefit plaintiff, defendants would be provided an opportunity to file a motion for summary

1  judgment.

2  On January 4, 2011, Bhavani Murugesan was appointed for plaintiff to oppose
3  defendants' anticipated motion for summary judgment that was then filed on February 25, 2011.
4  On March 8, 2011, the parties filed a briefing and hearing schedule and all briefings were to be
5  filed by May 5, 2011, and the hearing on the summary judgment motion was to occur on May 19,
6  2011.  On May 2, 2011, a few days before the summary judgment opposition was to be filed, Ms.
7  Murugesan filed a request to reopen discovery for six months and to continue the summary
8  judgment hearing at a date after the close of discovery.  The court denied this request on May 4,
9  2011, noting that the request was far too broad but provided plaintiff ten days to describe in
10 detail what discovery was needed and how long it would take to obtain it.  Ms. Murugesan filed a
11 response on May 13, 2011, but then on May 19, 2011, filed a motion to withdraw as attorney.

12 Ms. Murugesan stated that during the week of May 16, 2011, she accepted new
13 employment with a law firm that specializes solely in medical malpractice defense and counts as
14 its clients all the medical insurance companies in the area and the firm represents doctors against
15 inmate complaints from various California correctional institutes.  As plaintiff's claims involved
16 medical care at a prison and several doctors are defendants, Ms. Murugesan stated this current
17 case will ethically interfere with her new employment.

18 The court denied the motion to withdraw and stated the following:

> The decision to grant or deny a motion to withdraw as counsel is committed to the sound discretion of the trial court.  LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).  Local Rule 182(d) provides that attorneys may not withdraw from an action in which they have appeared, leaving the client in propria persona, without leave of the court upon noticed motion and notice to the client and all other parties who have appeared.  The Local Rule incorporates the requirements for withdrawal and the Rules of Professional Conduct of the State Bar of California.  See California Rule of Professional Conduct 3-700.
>
> In the instant case, counsel's general statement that her new job working in medical malpractice defense will cause an ethical conflict with this case is insufficient to warrant withdrawal under California Rule of Professional Conduct 3-700.  There are few doctors pertinent to the case, and this § 1983 action is an action against individuals, not the state, various prisons, or other entities.  There are no major insurance companies at issue.  A widespread conflict potential does

> not exist. Simply because the case involves allegations of medical malpractice (deliberate indifference) and counsel specializes in the defense of such cases, does not mean that counsel cannot ethically represent a plaintiff every now and then.
>
> While the court is appreciative of counsel for volunteering for this case, permitting counsel to leave the case at this point without sufficient reasons would adversely effect plaintiff and the court.

Doc. 303.

However, the court vacated the above order as Ms. Murugesan filed a motion requesting a hearing to withdraw as counsel. At the hearing, the court granted Ms. Murugesan's motion to withdraw, as she had found another attorney to accept the case. More extensions were granted and an opposition to the summary judgment was finally filed on July 25, 2011.

Ms. Murugesan now requests $617.58 in repayment of costs associated with twice renting a car and driving to plaintiff's prison to speak with plaintiff, and for shipping fees for transcripts. As discussed above, despite being granted several months to file the opposition, Ms. Murugesan never actually filed an opposition to summary judgment on this case. However, it is possible that Ms. Murugesan's visits to the prison aided the other attorney who drafted the opposition, though that attorney has already been reimbursed for traveling to the prison to speak with plaintiff.

If Ms. Murugesan wishes to still be reimbursed she must file a motion within 21 days seeking the reimbursement and must include a declaration discussing in detail Ms. Murugesan's contributions to the filing.

IT IS SO ORDERED.

DATED: January 12, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
anay0029.ord15